IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANKIE MCCRARY, ) <br> AIS # 257888, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN ROOKER, et al., ) <br>     Defendants. ) | CIVIL ACTION NO. 2:23-00330-TFM-N |

## REPORT AND RECOMMENDATION

Plaintiff Frankie McCrary, an Alabama inmate filed a complaint, without an attorney, pursuant to 42 U.S.C. § 1983. (Doc. 1). However, Plaintiff has since failed to prosecute the action. Accordingly, the undersigned **RECOMMENDS** McCrary's complaint be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).[1]

**I.     Background.**

McCrary initiated this action by filing a complaint and motion to proceed without prepayment of fees in August of 2023. (Docs. 1, 2). On initial review of McCrary's motion, the Court noted his failure to attach a certified copy of his inmate account statement – as is required pursuant to 28 U.S.C. § 1915(a)(2) – and McCrary was ordered to refile his motion to proceed without prepayment of fees and include a copy of his inmate account reflecting the six-month period prior to the filing of his lawsuit. (Doc. 3). McCrary requested and was granted multiple extensions to file the motion. (*See* Docs. 4, 5, 6, 9, 11). On January 18, 2024, McCrary was granted permission to proceed without prepayment of fees and was ordered to pay a partial filing fee of

---

[1]     This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 7).

$7.15 before his action could move forward. (Doc. 16). McCrary, however, communicated to the Court on two separate occasions that he was suffering from health issues and conditions that made it difficult or impossible for him to pay the required partial filing fee. (*See* Docs. 21, 22). Consequently, the Court granted McCrary permission to proceed with this action pursuant to 28 U.S.C. § 1915(b)(4) and screened McCrary's complaint under § 1915. (Doc. 23).

Review of McCrary's initial complaint revealed several deficiencies. Instead of dismissing the complaint, the Court identified the deficiencies, provided McCrary with the pertinent law related to his claims, explained the issues regarding his intitial complaint - including where his allegations failed to meet the elements of an Eighth Amendment claim, and ordered McCrary to file an amended complaint by June 10, 2024. (Doc. 24). The Court further warned McCrary that failure to comply with the order within the prescribed deadline would result in the dismissal of the action for failure to prosecute and to obey the Court's order. (*Id*. at 9).

As of June 25, 2024, McCrary has not complied with the Court's order, nor has he filed anything further with the Court or communicated with the Court in any manner.

**II.     Dismissal.**

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, McCrary was ordered to file an amended complaint by June 10, 2024. He has not. (Nor has the Court received any filing or correspondence from him since his last motion for an extension of time was filed in April 2024.) (*See* Doc. 22). The June 10, 2024 deadline for

compliance has now lapsed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III. Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that McCrary's complaint (Doc. 1) dated August 22, 2023, be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **25th** day of **June 2024**.

>*/s/ Katherine P. Nelson*
>**KATHERINE P. NELSON**
>**UNITED STATES MAGISTRATE JUDGE**